FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 NOV 29 P 5: 44

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL NO: BEL 10-0770 |
| v. | : | |
| | : | (Conspiracy Related to Interstate |
| GERMAN DE JESUS VENTURA, | : | Prostitution, 18 U.S.C. § 371; Interstate |
| a/k/a "Chino," | : | Transportation for Prostitution, 18 |
| a/k/a "Chalo," | : | U.S.C. § 2421; Enticement, 18 U.S.C. |
| a/k/a "Pancho," | : | § 2422(a); Sex Trafficking by Force, |
| a/k/a "Chaco," | : | Fraud and Coercion, 18 U.S.C. § 1591; |
| a/k/a "Oscar, and | : | Possession of a Firearm in Furtherance |
| KEVIN GARCIA FUERTES, | : | of a Crime of Violence, 18 U.S.C. |
| a/k/a "Kerlin Esquivel-Fuentes" | : | § 924(c); Aiding and Abetting, 18 U.S.C. |
| a/k/a "Flaco," | : | § 2) |
| | : | |
| Defendants. | : | |

...oOo...

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Superseding Indictment:

1. Defendant **GERMAN DE JESUS VENTURA**, a/k/a "Chino," a/k/a "Chalo," a/k/a "Pancho," a/k/a "Chaco," was a native and citizen of El Salvador and an illegal alien residing in Capitol Heights, Maryland.

2. Defendant **KEVIN GARCIA FUERTES**, a/k/a "Kerlin Esau Esquivel-Fuentes," a/k/a "Flaco," was a native and citizen of Honduras and an illegal alien residing in Annapolis, Maryland, and Richmond, Virginia.

## The Conspiracy

3.  Beginning at least in or about March 2008 through in or about November 2010, in the District of Maryland, and elsewhere, the defendants,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco," and
**KEVIN GARCIA FUERTES,**
a/k/a "Kerlin Esau Esquivel-Fuentes,"
a/k/a "Flaco,"

did knowingly and voluntarily combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to:

a.  knowingly transport any individual in interstate commerce with intent that such individuals engage in prostitution and sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, § 2421; and

b.  knowingly persuade, induce, entice and coerce any individual to travel in interstate commerce to engage in prostitution and sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, § 2422(a).

## Manner and Means of the Conspiracy

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

4.  It was a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES**, and others known and unknown to the Grand Jury established and

operated places of prostitution in Maryland and elsewhere.

5. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES,** and others known and unknown to the Grand Jury rented apartments and other dwellings that were used as places of prostitution.

6. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES,** and others known and unknown to the Grand Jury recruited and employed prostitutes, the vast majority of whom were aliens present in the United States unlawfully.

7. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES,** and others known and unknown to the Grand Jury advertised their places of prostitution using business cards.

8. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA,** employed **KEVIN GARCIA FUERTES,** and others known and unknown to the Grand Jury to advertise, manage, and operate the places of prostitution.

9. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES** and others known and unknown to the Grand Jury purchased mattresses, KY jelly, condoms, paper towels and rubbing alcohol and other materials for use in their places of prostitution.

10. It was further a part of the conspiracy that **GERMAN DE JESUS VENTURA, KEVIN GARCIA FUERTES** and others known and unknown to the Grand Jury used cellular telephones and other means of communication to arrange for the interstate transport of women with the intent that these women engage in prostitution in Maryland and elsewhere.

11. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, **KEVIN GARCIA FUERTES** and others known and unknown to the Grand Jury arranged for vans and other vehicles to transport women, and transported women themselves, from various locations outside Maryland to Maryland, typically on Monday mornings, with the intent that these women engage in prostitution.

12. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, **KEVIN GARCIA FUERTES**, and others known and unknown to the Grand Jury, arranged for vans and other vehicles to transport prostitutes, and transported the prostitutes themselves, from Maryland to locations outside Maryland, typically on Sunday evenings.

13. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA** purchased or leased vehicles used to transport prostitutes to and from Maryland.

14. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, **KEVIN GARCIA FUERTES**, and others known and unknown to the Grand Jury, traveled from destinations within and outside of Maryland to facilitate their prostitution business.

15. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, **KEVIN GARCIA FUERTES**, and others known and unknown to the Grand Jury, collected and shared the cash proceeds of the prostitution business.

16. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA** reported criminal activity by individuals allegedly engaged in prostitution activities in order to divert the attention of law enforcement and facilitate his own prostitution activities.

17. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, and **KEVIN GARCIA FUERTES** threatened to use and used violence against those also engaged in

prostitution activities within Maryland.

18. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA**, and **KEVIN GARCIA FUERTES** threatened to use and used violence against certain female prostitutes to coerce their continued participation in the prostitution enterprise.

19. It was further part of the conspiracy that **GERMAN DE JESUS VENTURA** claimed responsibility for the murder of multiple competitor pimps in order to intimidate competitor pimps and his own employees and female prostitutes.

### Overt Acts

20. In the course and in furtherance of the conspiracy and to effect the objects thereof, one or more of the co-conspirators committed and caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere:

    a. On or about September 25, 2008, **GERMAN DE JESUS VENTURA**, and **KEVIN GARCIA FUERTES** and others known and unknown to the Grand Jury operated a place of prostitution at 1009 Madison Court, Annapolis, Maryland.

    b. Between October 2008 through April 2009, **GERMAN DE JESUS VENTURA**, and **KEVIN GARCIA FUERTES** physically assaulted a female illegal alien for refusing to engage in prostitution and other sex acts and held her against her will.

    c. On or about March 25, 2009, **GERMAN DE JESUS VENTURA**, and **KEVIN GARCIA FUERTES** operated a place of prostitution at 112 South Villa Avenue, Apartment 1, Annapolis, Maryland.

    d. On or about September 1, 2009, **GERMAN DE JESUS VENTURA** and others known and unknown to the Grand Jury operated a place of prostitution at 112 South Villa

Avenue, Apartment 1, Annapolis, Maryland, and a place of prostitution at 31 F. Carver Street, Annapolis, Maryland.

  e. On or about September 1, 2009, **GERMAN DE JESUS VENTURA** used a cellular telephone to lodge death threats against a family who had provided temporary housing to one of his prostitutes after she was arrested.

  f. On or about September 24, 2009, **GERMAN DE JESUS VENTURA** and others known and unknown to the Grand Jury operated a place of prostitution at 31 F. Carver Street, Annapolis, Maryland.

  g. On or about September 24, 2009, **GERMAN DE JESUS VENTURA** maintained tally sheets for the prostitution houses located at 112 South Villa Avenue, Apartment 1, Annapolis, Maryland and 31 F. Carver Street, Annapolis, Maryland, and possessed cash proceeds of prostitution, cell phones, and a fake driver's license used in furtherance of prostitution.

  h. On or about March 1, 2010, **GERMAN DE JESUS VENTURA** arranged for the rental of 31 B. Carver Street, Annapolis, Maryland for use as a place of prostitution.

  i. On or about March 13, 2010, **GERMAN DE JESUS VENTURA** placed threatening phone calls to an individual competing for prostitution business in Annapolis, Maryland, and falsely reported a kidnaping and rape to the police in order to falsely implicate another individual with the crimes.

  j. On or about April 3, 2010, **GERMAN DE JESUS VENTURA** placed a threatening phone call to a person believed to be an individual competing for prostitution business in Prince George's County, Maryland.

k. On or about Monday, April 5, 2010, **GERMAN DE JESUS VENTURA** and other co-conspirators known and unknown to the Grand Jury transported two prostitutes to his place of prostitution at 31 B. Carver Street, Annapolis, Maryland, and purchased condoms and paper towels for the operation of the prostitution house.

l. On or about May 8, 2010, **GERMAN DE JESUS VENTURA** delivered mattress to 318 Dover Street, Easton, Maryland in order to establish a place of prostitution.

m. On or about July 6 and July 7, 2010, **GERMAN DE JESUS VENTURA** and other co-conspirators known and unknown to the Grand Jury operated places of prostitution at 318 E. Dover Street, Easton, Maryland and 31 B. Carver Street, Annapolis, Maryland.

n. On or about Monday, July 12, 2010, **GERMAN DE JESUS VENTURA** transported a Hispanic female from Langley Park, Maryland, to Portsmouth, Virginia, for the purpose of engaging in prostitution.

o. On or about Monday, August 2, 2010, **GERMAN DE JESUS VENTURA** and other co-conspirators known and unknown to the Grand Jury transported Hispanic females within Maryland and from Hyattsville, Maryland, to Portsmouth, Virginia, for the purpose of engaging in prostitution.

p. On or about August 3, 2010, **GERMAN DE JESUS VENTURA** used a cellular telephone to send three threatening multi-media messages depicting a semi-automatic pistol, the magazine for the pistol, and an angel of death statue to an individual competing for prostitution business in Maryland.

q. On or about Monday, September 13, 2010, **GERMAN DE JESUS VENTURA** and other co-conspirators known and unknown to the Grand Jury transported

multiple Hispanic females within the state of Maryland for the purpose of engaging in prostitution.

  r. On or about Sunday, September 19, 2010, to Monday, September 20, 2010, an employee of **GERMAN DE JESUS VENTURA** transported multiple Hispanic females to various places of prostitution within Maryland for the purpose of engaging in prostitution.

  s. On or about October 18, 2010, an employee of **GERMAN DE JESUS VENTURA** purchased minutes on a telephone, which was subsequently used to facilitate the prostitution enterprise on October 28, 2010, November 2, 2010 and November 3, 2010.

  t. On or about November 3, 2010, **GERMAN DE JESUS VENTURA** arranged for the assault of an individual competing for prostitution business in Maryland with a pistol grip shotgun.

  u. On or about November 15, 2010, **GERMAN DE JESUS VENTURA** and co-conspirators known and unknown to the Grand Jury transported Hispanic women within Maryland and across state lines for the purpose of engaging in prostitution.

18 U.S.C. § 371

## COUNT TWO
### (Interstate Transportation for Prostitution)

The Grand Jury for the District of Maryland further charges that:

1.  The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2.  From in or about September 2008 through in or about March 2009, in the District of Maryland and elsewhere, the defendants,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco," and
**KEVIN GARCIA FUERTES,**
a/k/a "Kerlin Esau Esquivel-Fuentes,"
a/k/a "Flaco,"

did knowingly and intentionally transport individuals in interstate and foreign commerce with the intent that such individuals engage in prostitution and sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT THREE
### (Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2. In or about September 2009, in the District of Maryland and elsewhere, the defendant,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco,"

did knowingly persuade, induce, entice, and coerce any individual to travel in interstate and foreign commerce to engage in prostitution and sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2422(a)
18 U.S.C. § 2

# COUNT FOUR
## (Interstate Transportation for Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2. On or about August 2, 2010, in the District of Maryland and elsewhere, the defendant,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco,"

did knowingly and intentionally transport individuals in interstate and foreign commerce with the intent that such individuals engage in prostitution and sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT FIVE
### (Interstate Transportation for Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2. On or about November 15, 2010, in the District of Maryland and elsewhere, the defendant,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco,"

did knowingly and intentionally transport individuals in interstate and foreign commerce with the intent that such individuals engage in prostitution and sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

# COUNT SIX
## (Sex Trafficking by Force, Fraud and Coercion)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2. From in or about September 2008 through in or about November 2010, in the District of Maryland and elsewhere, the defendants,

**GERMAN DE JESUS VENTURA,**
a/k/a/ "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco,"
**KEVIN GARCIA FUERTES,**
a/k/a "Kerlin Esau Esquivel-Fuentes,"
a/k/a "Flaco"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, namely, "R.D.F.," and did benefit, financially and by receiving anything of value, from participation in a venture engaged in such acts, knowing that force, fraud and coercion would be used to cause "R.D.F." to engage in a commercial sex act.

18 U.S.C. § 1591(a) (2008)
18 U.S.C. § 2

## COUNT SEVEN
### (Possession of Firearms in Furtherance of a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1, 2 and 4 through 20 of Count One are incorporated by reference here.

2. Beginning at least in or about September 2008 through in or about November 2010, in the District of Maryland, the defendant,

**GERMAN DE JESUS VENTURA,**
a/k/a "Chino,"
a/k/a "Chalo,"
a/k/a "Pancho,"
a/k/a "Chaco,"

did knowingly (1) possess a firearm in furtherance of, and (2) use and carry a firearm during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, that is, sex trafficking in violation of 18 U.S.C. § 1591(a), as alleged in Count Six, of this Superseding Indictment, and in so doing, did brandish a firearm.

18 U.S.C. § 924(c)
18 U.S.C. § 2

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: November 29, 2011

14